# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| SOUTH CAROLINA DEMOCRATIC PARTY; DCCC; and DSCC, | )<br>)<br>) |
| Plaintiffs, | )<br>)<br>) |
| v. | ) Civil Action No. 3:19-cv-03308-JMC<br>) |
| MARCI ANDINO, in her official capacity as Executive Director of the South Carolina State Election Commission; JOHN WELLS, in his official capacity as Chair of the South Carolina State Election Commission; and CLIFFORD J. EDLER, HAROLD E. FAUST, and SCOTT MOSELEY, in their official capacities as members of the South Carolina State Election Commission, | )<br>)<br>) **ORDER**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

This matter is before the court on Plaintiffs the South Carolina Democratic Party, DCCC, and DSCC's unopposed Motion to Voluntarily Dismiss the Action (ECF No. 25), without prejudice and pursuant to Fed. R. Civ. P. 41(a)(2). (ECF No. 25.)

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed this action on November 25, 2019. (ECF No. 1.) Plaintiffs indicate that they brought this action on their own behalf and on behalf of their members arguing that South Carolina's requirement to provide a full social security number ("SSN") to register to vote frustrates their mission to register voters. (*See* ECF No. 1 at 1, ¶¶ 7-9.) In furtherance of that action, Plaintiffs informed this court and Defendants that "Plaintiffs [planned] to file for a preliminary injunction given the impending 2020 election and their perception that requiring potential voters to provide their whole SSN frustrates the mission of Plaintiffs to increase voter

1

registrations in South Carolina." (ECF No. 25 at 2.) However, on January 6, 2020, the parties held a Rule 7.02 conference. During that conference, Defendants "represented that they would be amenable to a settlement that would require only the last 4-digits of the SSN on the voter registration form." (ECF No. 25 at 2.) Moreover, "the South Carolina Solicitor General reviewed this matter and filed a letter (the "Letter") dated January 15, 2020." (ECF No. 24.) According to the Letter, the requirement for the full SSN apparently originated with an attorney general opinion from the Honorable Dan McLeod in 1967. *See* Op. S.C. Att'y Gen., 1967 WL 11747 (September 29, 1967) (the "1967 Opinion") found, in part, that:

> Accordingly, it is the opinion of this Office that if a person acknowledges that he has a Social Security number he may be required to present that number before being issued a registration certificate. This is for the protection of the voter as well as to insure the purity of the elective process.

The South Carolina Solicitor General informed this court that while the Office of the South Carolina Attorney General believed that the prior opinion might have been technically correct at the time it was issued, "we now deem it necessary to modify it [the Letter] in keeping with the more modern practice of using only the last four digits of the SSN." The Solicitor General further points out that this Office [Office of the South Carolina Attorney General] "generally resolves all doubt in favor of the right to vote which is a fundamental right." Op. S.C. Att'y Gen., 2017 WL 1017485 (January 31, 2017).

## II. LEGAL STANDARD

Rule 41(a) governs voluntary dismissals of federal actions. Under Rule 41(a)(1), a plaintiff may voluntarily dismiss an action without a court order by filing (1) a notice of dismissal before the opposing party has filed an answer or summary judgment motion or (2) a stipulation of dismissal signed by all parties that have appeared. Pertinent to this case, Rule 41(a)(2) provides that in any other circumstance, "an action may be dismissed at the plaintiff's request only by court

2

order, on terms that the court considers proper." "The primary force of [Rule] 41(a)(2) is to empower district courts to exercise discretion over voluntary dismissals." *GO Computer, Inc. v. Microsoft Corp.,* 508 F.3d 170, 177 (4th Cir. 2007). The Fourth Circuit would review a district court's decision to grant a Rule 41(a)(2) motion accordingly. *See Ellett Bros., Inc. v. U.S. Fidelity & Guar. Co.,* 275 F.3d 384, 388 (4th Cir. 2001) (noting that abuse of discretion standard of review applies). The underlying "purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced," *Davis v. USX Corp.,* 819 F.2d 1270, 1273 (4th Cir. 1987); thus, a district court should grant a Rule 41(a)(2) motion "absent plain legal prejudice to the defendant," *Ellett Bros.,* 275 F.3d at 388; *Bridge Oil, Ltd. v. Green Pac. A/S,* 321 F. App'x 244, 245 (4th Cir. 2008).

### III. DISCUSSION

When determining whether a Rule 41(a)(2) motion should be appropriately granted, the court should consider the following non-exclusive factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." *See Vosburgh v. Indemnity Ins. Co. of North America,* 217 F.R.D. 384, 386 (S.D.W.Va. Sept.12, 2003).

Upon considering the record in this case and the factors above, the court finds that voluntary dismissal would be appropriate at this time. Plaintiffs filed this action less than six months ago, and Defendants have not filed an answer or any dispositive motions in the case. Further, Defendants do not oppose Plaintiffs' request for dismissal and have submitted documentation to the court, which demonstrates that the central controversy has been resolved between the parties. Therefore, the court does not find that Defendants would be substantially

3

prejudiced. Accordingly, the court **GRANTS** Plaintiffs' Motion to Voluntarily Dismiss the Action (ECF No. 25).

## IV. CONCLUSION

It is **ORDERED** that within thirty (30) days of the date of this order, the South Carolina Election Commission will instruct the county boards of election to accept mail-in voter registration applications (which includes downloadable, mail-in registration forms that are returned via methods besides mail, such as in-person, fax, or e-mail) that include only the last four digits of an applicant's social security number and update their trainings accordingly; and that within thirty (30) days of the date of this order that the downloadable, mail-in registration form will be updated to reflect that applications containing only the last four digits of an applicant's social security number will be accepted.

**IT IS FURTHER ORDERED,** without objection of the parties, that this case is **DISMISSED**, without prejudice; **AND IT IS FURTHER ORDERED,** that this court shall retain jurisdiction until after the November 2020 elections, to revisit these matters should South Carolina fail to register voters who do not give their entire social security number.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

January 24, 2020
Columbia, South Carolina